UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BRIDGEWATER, CHRISTOPHER
WILLIAMS, GWENDOLYN WILLIAMS,
and KENNETH BRIDGEWATER,

       Plaintiffs,

v.

HILTON HOTELS CORPORATION,
KELVIN HARRIS, ROBERT HARRIS,
OCTAVIOUS MILES, THE CITY OF
DETROIT POLICE DEPARTMENT,
DAVID KIPFMILLER, THE FARBMAN
GROUP, DENNIS ARCHER, JR., TOM
LEWAND, and MODDIE TUREY,

       Defendants.

Case No. 20-11888
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

---

**OPINION AND ORDER GRANTING MOTIONS TO DISMISS
BY CITY OF DETROIT [3]
AND KELVIN HARRIS AND TOM LEWAND [14]**

---

This is Scott Bridgewater's third federal lawsuit against the City of Detroit claiming a conspiracy against his family and their business.[1] In this latest iteration, Bridgewater now alleges that he owned the Centre Park Bar in Detroit, Michigan, with his brother Christopher Williams and their parents Kenneth Scott Bridgewater Sr. and Gwendolyn Williams. (In prior litigation, he claimed to only be a manager.) Last year, after dispositive motions and a bench trial, Plaintiffs lost their suit claiming that the City and others conspired to exclude Bridgewater and his brother from

---

[1] Bridgewater has served as a plaintiff in all three cases, while his family members have joined in some but not all. *See Bridgewater v. Harris, et al.*, Case No. 16-14112 (E.D. Mich. Mar. 11, 2020) (filed by Scott Bridgewater, Christopher Williams, Gwendolyn Williams, and Lotus Industries, LLC, the family business); *Bridgewater v. Leland, et al.*, Case No. 18-12225 (E.D. Mich. Dec. 7, 2018) (filed by Scott Bridgewater only).

a redevelopment project in downtown Detroit and then sent police to the Bar to harass and arrest Bridgewater for speaking out about it.

A few months after losing that suit, Bridgewater and his family filed this new action. They now allege that the City and others harassed and ultimately arrested Bridgewater because of racial animus. (*See* ECF No. 1.) But these allegations could have and should have been raised in the previous lawsuit. And Plaintiffs' new claims all depend on showing that Detroit police lacked probable cause to arrest him. But this Court found at trial that the police had probable cause to arrest Bridgewater for failure to comply with an officer's lawful order. As a result, Plaintiffs' latest claims against the City of Detroit and its employees are barred by claim preclusion and issue preclusion. The Court will therefore grant the motion to dismiss filed by the City of Detroit and the motion to dismiss filed by Fire Chief Kelvin Harris and City employee Tom Lewand.

## I.  Background

This is Plaintiffs' third federal lawsuit alleging that the City of Detroit, its employees, and others have conspired to violate their state and federal rights. *See Bridgewater v. Harris, et al.* (hereinafter "*Bridgewater I*") Case No. 16-14112 (E.D. Mich. Mar. 11, 2020) (final judgment after dispositive motions and a bench trial); *Bridgewater v. Leland, et al.* (hereinafter "*Bridgewater II*") Case No. 18-12225 (E.D. Mich. Dec. 7, 2018) (voluntarily dismissed). Because this opinion occasionally requires the Court to cite to the dockets of these prior cases, the Court will designate those citations by their case number.

Although courts are typically limited to consideration of the pleadings on a motion to dismiss, a court may take judicial notice of other court proceedings without converting a motion to dismiss into one for summary judgment. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir.

2008)). Accordingly, the Court takes judicial notice of its prior Findings of Fact and Conclusions of Law in *Bridgewater I*, No. 16-14112, 2020 WL 813388 (E.D. Mich. Feb. 19, 2020), the Court's denial of leave to file a third amended complaint in *Bridgewater I,* Case No. 16-14112, ECF No. 143, and the Wayne County bindover order that found probable cause for Bridgewater's arrest. *Bridgewater I,* Case No. 16-14112, ECF No. 293-16.  The Court does not rely on the substance of these factual findings for purposes of this order, but offers them to provide full context.

The full factual history of this dispute is set out in the Court's Findings of Fact and Conclusions of Law in *Bridgewater I,* 2020 WL 813388, at *1–7. The Court will summarize the relevant background. Plaintiffs Kenneth Scott Bridgewater and his brother Christopher Williams operated the Centre Park Bar in downtown Detroit. The Bar was owned by the family's business, Lotus Industries, LLC. The Bar is located in an area of the City that is part of a redevelopment project through the Detroit Downtown Development Authority. The two brothers submitted a bid for this redevelopment project but their bid was rejected because they submitted their proposal late. Bridgewater and Williams complained in the media that the bid process was a sham and a conspiracy orchestrated by the City, designed to direct the project to businessman Dennis Archer, Jr. According to Bridgewater and Williams, the City and a host of co-conspirators retaliated against them for speaking out about the bid process, beginning with enhanced police presence around the Bar. Around the same time, the nearby Hilton Garden Inn filed a noise complaint against the Bar with the City. Between 2014 and 2018, the Michigan Liquor Control Commission fined Centre Park Bar at least 18 times for violations. *Id.* at *2. Things escalated from there.

Bridgewater, Williams, their mother Gwendolyn Williams, and Lotus Industries filed their first suit against the City in November 2016. Complaint, *Bridgewater I*, Case No. 16-14112, (Nov.

19, 2016). They alleged that the City and others[2] had conspired to prevent them from participating in the redevelopment project. Among their claims for relief, the *Bridgewater I* plaintiffs sought declaratory judgment that the Defendants had retaliated against them for exercising their First Amendment rights by directing Detroit police officers to harass them and issue frivolous noise citations. *Id.* They also sought a declaratory judgment that Mayor Duggan and Police Chief Craig had denied them equal protection under the Fourteenth Amendment and an injunction to stop the City from transferring ownership of the redevelopment district to Archer and his company, Gotham Capital Partners. *Id.*

While the suit was pending, police visited the Bar in response to noise complaints and concerns about overcrowding in violation of fire ordinances. *See Bridgewater I*, 2020 WL 813388, at *3. Plaintiffs responded by amending their complaint on May 2, 2017, to add a First Amendment retaliation claim. Amended Complaint, *Bridgewater I*, Case No. 16-14112, ECF No. 31, PageID.367. A few months later, on July 23, 2017, Bridgewater was cited by Fire Chief Harris for fire code violations and placed under arrest by Police Sergeant Harris for felony resisting and obstructing, although a supervisor later reduced the charge to interfering with a city employee in the performance of one's duties, a misdemeanor. *Bridgewater I*, 2020 WL 813388, at *4.

Plaintiffs filed a second amended complaint on September 29, 2017, adding Police Sergeant Harris and Fire Chief Harris as Defendants and alleging that they too were involved in

---

[2] The complaint named the following defendants: Michael Duggan, in his official capacity as Mayor of the City of Detroit, the Detroit Economic Growth Corporation, the City of Detroit Downtown Development Corporation, the City of Detroit Downtown Development Authority, Marshall Bullock, in his official capacity as appointee of Mayor Duggan, Detroit Police Chief James Craig, in his official capacity, Dennis Archer, Jr., and Gotham Capital Partners, LLC. *Bridgewater I*, Case No. 16-14112, ECF No. 1.

the retaliatory scheme. Second Amended Complaint, *Bridgewater I*, Case No. 16-14112, ECF No. 66, PageID.1927.

The parties and issues narrowed over the course of the litigation. The Court granted the Detroit Economic Growth Corporation's motion to dismiss. *Bridgewater I*, No. 16-14112, 2019 WL 2410719 (E.D. Mich. June 7, 2019) (order granting DEGC's motion to dismiss). Lotus Industries filed for bankruptcy, settled with all the defendants, and agreed to dismiss all of its claims. *Bridgewater I*, No. 16-14112, 2019 WL 3289845, at *1 (E.D. Mich. July 22, 2019). The only claim that survived summary judgment was Bridgewater's allegation of First Amendment retaliation against Sergeant Harris and Fire Chief Harris. *Bridgewater I*, No. 16-14112, 2019 WL 3289845 (E.D. Mich. July 22, 2019) (order denying in part and granting in part motion for summary judgment).

The Court held a three-day bench trial in November 2019 and found that Defendants Sergeant Harris and Fire Chief Harris were not liable for First Amendment retaliation against Bridgewater. *See* 2020 WL 813388, at *11. The Court found that the trial record established probable cause for the arrest, defeating the First Amendment claim. *Id.* at *7–8. The Court further found that that Bridgewater failed to prove that he was arrested *because* he filed the lawsuit, *id.* at *10–11, meaning that there was no causal connection between any protected activity and any retaliatory action. The Court entered final judgment in favor of the Defendants in March 2020. *Bridgewater I,* Case No. 16-14112, ECF No. 290, PageID.9138. Plaintiffs did not appeal.

Just four months later, in July 2020, Plaintiffs came back to court. Plaintiffs filed this new lawsuit, naming some of the same defendants and adding some new ones. (*See* ECF No. 1.) Plaintiffs yet again name Police Sergeant Robert Harris, Fire Chief Kelvin Harris, and Dennis Archer, Jr. as defendants. (*Id.* at PageID.6–8.) And Plaintiffs add the following new defendants:

the City of Detroit Police Department, Detroit Police Sergeant Octavious Miles, Hilton Hotels Corporation, David Kipfmiller (the general manager of the Hilton Garden Inn down the street from the Bar), the Farbman Group (a real estate investment company), Tom Lewand (a mayoral appointee to the Detroit Development Authority), and Moddie Turrey (a Detroit Development Authority employee). (*Id.* at PageID.7–9.) All current and former employees of the Detroit Police Department—Sergeant Harris, Fire Chief Harris, and Sergeant Miles—are sued in both their individual and official capacities. (ECF No. 1, PageID.4.)

The new suit asserts a number of claims. Against the Detroit Police Department, Fire Chief Harris, Sergeant Harris, and Sergeant Miles, Plaintiffs assert the following: federal claims for false arrest, false imprisonment, and unlawful search and seizure under the Fourth and Fourteenth Amendment (ECF No. 1, PageID.14), a state claim for false arrest (*id.* at PageID.33), and a state claim for assault and battery (*id.* at PageID.40). (Plaintiffs allege that because the arrest was unlawful, the officers' physical contact with Bridgewater constituted assault and battery. (*Id.* at PageID.41.)) Against the Detroit Police Department, Fire Chief Harris, Sergeant Harris, Sergeant Miles, Hilton Hotels Corporation, and David Kipfmiller, Plaintiffs assert a federal claim of malicious prosecution under the Fourth and Fourteenth Amendment and a claim of malicious prosecution under state law, Michigan Compiled Laws § 600.2907. (*Id.* at PageID.22, 28.) Against all Defendants, Plaintiffs assert state law claims of concert of action and civil conspiracy. (*Id.* at PageID.42, 46.)

While Plaintiffs' theory in their previous case was that the police presence at the Centre Park Bar was to retaliate against Plaintiffs for criticizing the redevelopment project bidding process, the new complaint alleges that "the incident giving rise to the presence of the Detroit Police Department that night [July 23, 2017, the night that Bridgewater was arrested] was

derivative of racial animus towards the perception of a '[B]lack crowd' frequenting the Plaintiffs' bar/restaurant," which was "perpetuated by" the Defendant Hilton Hotels and its manager, Defendant Kipfmiller. (ECF No. 1, PageID.10–11.) Plaintiffs allege that Hilton Hotels, Kipfmiller, Archer, the City of Detroit, the Police Department, and Lewand "conspired . . .to racially target the Plaintiff operators of the Centre Park Bar by inundating them with frivolous noise complaints." (*Id.* at PageID.11.) Bridgewater alleges that Kipfmiller called him, his brother, and his customers "n*ggers" and promised to do "whatever it takes to get you n*ggers from across the street from my business." (*Id.*) They allege that Kipfmiller never made noise complaints about other nearby bars that were equally loud. (*Id.* at PageID.12.) Plaintiffs allege that the misdemeanor charge against Bridgewater arising from the July 23, 2017, arrest was dismissed with prejudice because "there lacked any substantive evidence that other than being [B]lack[,] . . . Bridgewater engaged in no conduct that would have been a violation of any state, city, or municipal law." (*Id.* at PageID.12–13.) But months later, the felony charges were "reauthorized" against Bridgewater and he was arrested upon landing at Detroit Metropolitan Airport on return from a vacation with his wife and young children. (*Id.* at PageID.13.) Ultimately, Bridgewater, Williams, and their parents, who together owned and operated the Centre Park Bar, were "evicted" from the property, "paving the way for Defendant Archer to secure the property in a conspiracy with the Defendants City of Detroit, Lewand, Turrey and Farbman." (*Id.*)

## II.  The Motions to Dismiss

Most of the defendants have now filed dispositive motions. This order addresses only the two motions to dismiss filed by the City of Detroit and its employees—one motion addressing official capacity claims and one motion addressing individual capacity claims for two employees. (ECF No. 3, 14.)

Some additional procedural background is helpful to follow the two motions. As noted above, Plaintiffs have filed this suit against the City of Detroit Police Department and five City employees: Police Sergeant Robert Harris, Fire Chief Kelvin Harris, Police Sergeant Octavious Miles, Tom Lewand (a mayoral appointee to the Detroit Development Authority), and Moddie Turrey (a Detroit Development Authority employee). (*Id.* at PageID.6–9.) Plaintiffs sue Sergeant Harris, Fire Chief Harris, and Sergeant Miles in both their individual and official capacities. (ECF No. 1, PageID.3.) Plaintiffs sue Lewand and Turrey in their individual capacities only. (*Id.* at PageID.4.) The two motions to dismiss address those two categories of claims.

First, the City of Detroit moves to dismiss all claims against the Police Department, and all official capacity claims against Sergeant Harris, Sergeant Miles, Fire Chief Harris, and mayoral-appointee Lewand[3] (the "official capacity motion"). (ECF No. 3.) As the City correctly notes, Plaintiffs' official capacity claims are treated as claims against the City itself. *See Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009) (an official capacity claim is treated as a claim against the municipality in all respects other than name).

Second, Fire Chief Harris and mayoral-appointee Lewand move to dismiss all claims against them to the extent they are sued in their individual capacities (the "individual capacity motion"). (ECF No. 14.) To be clear, Sergeant Harris and Sergeant Miles have *not* moved to dismiss the individual capacity claims against them even though the City included them in the official capacity motion. A review of the record reveals that this may be because Plaintiffs have

---

[3] The City's official capacity motion to dismiss moves to dismiss official capacity claims against Thomas Lewand (ECF No. 3, PageID. 77), but Plaintiffs' complaint states that "Defendant, Thomas Lewand . . . is an individual being sued in his individual capacity" (ECF No. 1, PageID.4). So the inclusion of Lewand in the official capacity motion may be a clerical error. In any event, even if Plaintiffs did sue Lewand in his official capacity, the Court's analysis in this opinion would remain the same.

failed to serve Sergeant Harris and Sergeant Miles. (Plaintiffs have also failed to serve Dennis Archer, Jr., and Moddie Turrey.) The Court will address this service issue in a separate order.

The official capacity motion and the individual capacity motion are identical other than the filing parties (*see* ECF No. 3, 14), so the Court will discuss them together and cite only to the filing at ECF No. 3. For purposes of this order, the Court refers to the defendants who filed the two motions collectively as "the City Movants." With that background, the Court proceeds to the merits of the motions.

The City Movants argue that Plaintiffs have failed to state a claim under Rule 12(b)(6) because all claims against them are barred by the related doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion). (ECF No. 3, 14.)[4]

While claim preclusion, often called *res judicata*, forecloses "all that which might have been litigated previously," issue preclusion, often called collateral estoppel, "treats as final only those questions actually and necessarily decided in a prior suit." *Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979). "Under collateral estoppel or issue preclusion, a prior decision on an issue of law *necessary* to a judgment, made by a court of competent jurisdiction, is conclusive in subsequent cases involving any party to the prior litigation, even if the new case is based on a different cause of action." *Rambacher v. C.I.R.*, 4 F. App'x 221, 223 (6th Cir. 2001) (citing *United States v. Mendoza*, 464 U.S. 154, 158–59 (1984) (emphasis added)).

"Claim preclusion, like issue preclusion, is an affirmative defense." *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (citing Fed. Rule Civ. Proc. 8(c)). In deciding a motion to dismiss for failure

---

[4] The City Defendants also argue that there are no discernable claims made by Bridgewater's brother, mother, or father, because none were arrested or prosecuted and none claim a denial of their own rights based on Bridgewater's arrest. (ECF No. 3, PageID.85.) The Court need not address their (lack of) standing in order to grant the motion to dismiss.

to state a claim under Rule 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As the Court will explain, Plaintiffs' official capacity claims against all City Movants and the individual capacity claims against Fire Chief Harris and mayoral-appointee Lewand are barred as under both doctrines: claim preclusion and issue preclusion.

### A.  Claim Preclusion

The City Movants argue that all of Plaintiffs' new claims against them are precluded because Plaintiffs should have brought all claims arising from the Bar's closing and Bridgewater's arrest in the prior action, *Bridgewater I*, Case No. 16-14112. (ECF No. 3, 14.)

In response, Plaintiffs appear to misunderstand *res judicata*, arguing that claim preclusion bars only future claims "based on the same cause of action." (ECF No. 8 (citing *White v. Colgan Elec. Co.*, 781 F.2d 1214, 1216 (6th Cir. 1986).) That is not correct. Plaintiffs' cited authority states, contrary to their position: "if the second action is upon the same cause as the former one, the judgment on the merits in the first case is an absolute bar to the subsequent action between the same parties, not only in respect to every matter which is actually offered, but *also as to every ground of recovery which might have been presented*." *White*, 781 F.2d at 1216 (citing *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316 (1927) (emphasis added)). As the Court will explain, Plaintiffs' new claims are indeed barred under the doctrine of claim preclusion.

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allied Erecting &*

*Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 805 F.3d 701, 708 (6th Cir. 2015) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added)). Courts apply a four-part test to determine whether a subsequent action is barred by the doctrine of *res judicata*, or to be more precise in this circumstance, claim preclusion. "[R]es judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 805 F.3d 701, 708–09 (6th Cir. 2015) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

This Court agrees that all four elements are satisfied here. First, this Court issued a final decision on the merits in *Bridgewater I*, No. 16-14112. The Court entered final judgment in that case after granting summary judgment in part and then after a bench trial on the remaining claims. *Bridgewater I*, No. 16-14112, 2019 WL 3289845 (E.D. Mich. July 22, 2019) (order denying in part and granting in part motion for summary judgment); *Bridgewater I*, No. 16-14112, 2020 WL 813388 (E.D. Mich. Feb. 19, 2020) (issuing Findings of Fact and Conclusions of Law after three-day bench trial that Defendants Sergeant Harris and Fire Chief Harris were not liable for First Amendment retaliation against Bridgewater); *see also Bridgewater I*, No. 16-14112, 2019 WL 2410719 (E.D. Mich. June 7, 2019) (order granting the DEGC's motion to dismiss).

Second, this is a subsequent action "between the same parties or their privies." Plaintiffs have attempted to file a subsequent action with three of the same plaintiffs and two of the same defendants: Plaintiffs Kenneth Scott Bridgewater, Christopher Williams, and Gwendolyn Williams, and Defendants Sergeant Harris and Fire Chief Harris. Plaintiffs added Plaintiff Kenneth Scott Bridgewater, Sr., as well as Defendant Detroit Police Department, Police Sergeant Miles,

11

and Detroit mayoral appointee Tom Lewand. Neither party expressly addresses whether the new City Movants are "in privity" with the original Defendants, which included the City of Detroit, Sergeant Harris, and Fire Marshal Harris. But the Sixth Circuit has previously accepted a city's argument that its police officers are "in privity" with the city for purposes of *res judicata* where the plaintiff opposing dismissal failed to contradict that argument. *Scott v. Reif*, 659 F. App'x 338, 343 (6th Cir. 2016). And Plaintiffs do not address privity in their response—they mistakenly argue that the addition of several new defendants fully avoids preclusion. (*See* ECF No. 8.) Given that neither party disputes that the new City Movants are in privity with the City of Detroit as its employees, and the principle that an official capacity claim is treated as a claim against the municipality, *see Cady*, 574 F.3d at 342, the Court finds that the City Movants here are in privity with the City of Detroit named as Defendant in the previous action. So this is an action between the same parties.

Third, because every claim in this new suit arises from Bridgewater's arrest in July 2017, all of those claims could have been and should have been litigated in the prior action. Indeed, Plaintiffs amended their complaint in the prior action on September 29, 20217, a few months after the arrest, to add new defendants (Sergeant Harris and Fire Marshal Harris) and a new claim (First Amendment Retaliation). *See Bridgewater I*, Case No. 16-14112, ECF No. 66, PageID.1927. Plaintiffs chose not to add the City of Detroit Police Department, Miles, or Lewand as defendants or any of the new causes of action raised in this new suit at that time. Six months later, Plaintiffs did attempt to add *some* of the new claims to the prior case. Case No. 16-14112, ECF No. 118. But this Court denied their motion to file a third amended complaint, finding the proposed claims—

malicious prosecution and false arrest under the Fourth Amendment—were futile and raised after an undue delay. Case No. 16-14112, ECF No. 143, PageID.2648–2651, Ex. 5.[5]

Fourth and finally, the "identity of the causes of action" is not "fundamentally distinct." *See Kane*, 71 F.3d at 56. The new action arises from a common set of facts (namely Bridgewater's 2017 arrest), the plaintiffs and the defendants substantially overlap, and no party's interest or ability to bring a legal claim has changed since the time of the prior proceeding.

The Court concludes that the doctrines of *res judicata* and claim preclusion bar all of Plaintiffs' official capacity claims against the City Movants and the individual capacity claims against Fire Chief Harris and Tom Lewand. Although this is sufficient to grant their motions to dismiss, the Court will also address issue preclusion, which offers an independent ground for the same conclusion.

### B.  Issue Preclusion

Plaintiffs' new action against the City Movants is also barred by issue preclusion because all of Plaintiffs' new claims require a finding that the officers lacked probable cause to arrest Bridgewater, an issue this Court has already considered and rejected in the previous case.

Under collateral estoppel or issue preclusion, a prior decision on an issue of law necessary to a judgment, made by a court of competent jurisdiction, is conclusive in subsequent cases involving any party to the prior litigation, even if the new case is based on a different cause of action. *Rambacher v. C.I.R.*, 4 F. App'x 221, 223 (6th Cir. 2001) (citing *United States v. Mendoza*, 464 U.S. 154, 158–59 (1984)).

---

[5] The City Defendants note that in other Circuits, denial of leave to amend constitutes *res judicata* on the merits of the claims in the proposed amended complaint. *See, e.g.*, *Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032–33 (8th Cir. 2003); *Huck v. Dawson*, 106 F.3d 45, 49–50 (3d Cir. 1997); *Johnson v. SCA Disposal Services*, 931 F.2d 970, 974–76 (1st Cir. 1991). But it appears the Sixth Circuit has not adopted this rule.

Here, the Court made a final decision on the merits when it found, after a bench trial, that Sergeant Harris and Fire Chief Harris had probable cause to arrest Bridgewater for failure to comply with their lawful orders to shut down the Bar for overcrowding. *See Bridgewater I*, No. 16-14112, 2020 WL 813388, at *8 (E.D. Mich. Feb. 19, 2020). There were two separate grounds to support that conclusion: the "preclusive effect" of the state court's bindover order, which was "equivalent to a finding of probable cause on the felony charge," *see People v. Seewald*, 879 N.W.2d 237, 240 (Mich. 2016); Mich. Comp. Laws § 766.13, and this Court's own independent determination after the bench trial that "the trial record here established probable cause for the arrest," *Bridgewater I*, No. 16-14112, 2020 WL 813388, at *8 (E.D. Mich. Feb. 19, 2020).

All of Plaintiffs' new claims against the various City Movants—federal false arrest, false imprisonment, and unlawful search and seizure, a state claim for false arrest, a state claim for assault and battery, a federal claim of malicious prosecution, a state claim of malicious prosecution, and state law claims of concert of action and civil conspiracy—require a finding that officers lacked probable cause to arrest Bridgewater. *See King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017) (lack of probable cause is the second element of a federal malicious prosecution claim); *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer had probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."); *Hardesty v. City of Ecorse*, 623 F. Supp. 2d 855, 862 (E.D. Mich. 2009) (to establish federal claims for false arrest, false imprisonment, or malicious prosecution, a plaintiff must show the absence of probable cause); *Walsh v. Taylor*, 689 N.W.2d 506, 517 (Mich. Ct. App. 2004) (state law false arrest and malicious prosecution claims required lack of probable cause); *Williams v. Payne*, 73 F. Supp. 2d 785, 791 (E.D. Mich. 1999) (under Michigan law, use of reasonable force in the course of a lawful arrest

14

does not constitute assault) (citation omitted); *Urbain v. Beetling*, 835 N.W.2d 455, 464 (Mich. Ct. App. 2013) (under Michigan law, "[f]or both civil conspiracy and concert of action, the plaintiff must establish some underlying tortious conduct"). This Court's prior finding that the Detroit police officers had probable cause to arrest Bridgewater precludes all of these claims.

Bridgewater cannot relitigate whether officers had probable cause to arrest him by filing a new suit and naming new defendants. "Once an issue is raised and decided, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case." *Rambacher*, 4 F. App'x at 223 (citing *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)).

Plaintiffs' claims are therefore barred by issue preclusion as well.

### III. Remaining Claims Against City Employees

The only claims that remain against any of the City employees are the individual capacity claims against Police Sergeant Harris, Police Sergeant Miles, and Detroit Development Authority employee Turey. Because Harris, Miles, and Turey have not been served and have not filed a motion to dismiss, the individual claims against them are not at issue here.

Although it appears likely that the claims against them are also barred by *res judicata*, a district court may not raise *res judicata* sua sponte as an affirmative defense for a defendant even if "[c]ertain aspects of the present case make it tempting," except in special circumstances. *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 328 (6th Cir. 2013). Because Sergeant Harris, Police Sergeant Miles, and Turey have not appeared to raise this defense for their individual capacity claims, the Court will not address that question at this time.

15

## IV.  Sanctions

The City Movants request sanctions against Plaintiffs for filing an action barred by *res judicata* and failure to disclose the prior case. While the Court has concerns as to whether this litigation was brought against the City Defendants in good faith, it will not sanction the Plaintiffs or their new counsel at this time for perhaps misunderstanding the law.

## V.  Conclusion

Accordingly, the motion to dismiss all claims against the City Movants in their official capacity is GRANTED (ECF No. 3) and the motion to dismiss all individual capacity claims against Fire Chief Harris and Tom Lewand is GRANTED (ECF No. 14.)

In summary:

- The City of Detroit Police Department is DISMISSED WITH PREJUDICE from this action.
- All official capacity claims against Police Sergeant Robert Harris, Fire Chief Kelvin Harris, and Police Sergeant Octavious Miles, and Tom Lewand are DISMISSED WITH PREJUDICE.
- All individual capacity claims against Fire Chief Kelvin Harris and Tom Lewand are DISMISSED WITH PREJUDICE.
- Fire Chief Kelvin Harris and Tom Lewand are DISMISSED WITH PREJUDICE from this action.
- The only remaining claims against any City employees are the individual capacity claims against Police Sergeant Robert Harris, Police Sergeant Octavious Miles, and Moddie Turey.
- The Court will enter a separate order addressing Plaintiffs' failure to serve Police Sergeant Robert Harris, Police Sergeant Octavious Miles, Moddie Turey, and Dennis Archer, Jr.

SO ORDERED.

Dated: February 9, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

16